A90A1828. DRUCKMAN et al. v. ETHRIDGE et al.

(401 SE2d 336)

CARLEY, Judge.

Appellant-plaintiffs utilized the professional accounting services of appellee-defendants in connection with the formation and registration of a corporation. Subsequently, appellants brought suit, alleging that appellees had "agreed to file a corporate Subchapter S election with the Internal Revenue Service within the prescribed period for filing" and that appellees "were negligent . . . by reason of their failure to file the corporate Subchapter S election after being directed to do so, and after agreeing to do so." The trial court granted appellees' motion for summary judgment on the basis that the expert affidavit filed in connection with appellants' complaint was insufficient to meet the pleading requirements of OCGA § 9-11-9.1. Appellants appeal from this grant of summary judgment in appellees' favor.

1. We note at the outset that a failure to comply with the pleading requirements of OCGA § 9-11-9.1 would *not* authorize the grant of *summary judgment.* See *Robinson v. Starr,* 197 Ga. App. 440, 441 (2) (398 SE2d 714) (1990). However, we will address the merits of this appeal as if the trial court had dismissed appellants' complaint rather than granted summary judgment in appellees' favor.

2. Appellants did not contend below and do not now contend on appeal that their action against appellees is based upon simple negligence rather than professional malpractice. Accordingly, we are not called upon to decide whether or not appellants were *obligated* to comply with the pleading requirements of OCGA § 9-11-9.1. Compare *Creel v. Cotton States Mut. Ins. Co.,* 260 Ga. 499 (397 SE2d 294) (1990); *Razete v. Preferred Research,* 197 Ga. App. 69 (397 SE2d 489) (1990); *Brown v. Durden,* 195 Ga. App. 340 (393 SE2d 450) (1990). The only matter presented for resolution is whether or not appellants' compliance with the statutory pleading requirement was *sufficient.*

3. After outlining his professional qualifications, the expert affiant stated as follows: "I have reviewed the complaint to be filed in this action. In my opinion [appellees] were negligent by failing to file the Subchapter S election which is the subject matter of this case. Regarding the factual basis of this claim, I understand that [appellees] were instructed to file such an election and omitted to do so. It is generally recognized within the profession that a failure to follow

such an instruction does not satisfy the ordinary standard of care owed by certified public accountants to their clients."

"What OCGA § 9-11-9.1 (a) requires is that the expert affidavit set forth specifically at least one negligent act or omission 'claimed to exist' and the factual basis for each such claim. In this regard, it should be noted that unlike other witnesses, expert witnesses often give testimony concerning hypothetical facts posed to them. In addition, although factual allegations in an affidavit ordinarily should be positively alleged as being true and within the affiant's personal knowledge, factual allegations of the affiant, based upon information or belief, are sufficient where either expressly or impliedly authorized by the statute. [Cits.] It is unnecessary for the . . . plaintiff to . . . prove the alleged facts. . . . Under the statute, where a . . . complaint asserts a damage claim and alleges professional malpractice, it is only necessary that there be filed contemporaneously with the filing of the complaint the affidavit of an expert stating that, in his expert opinion, such facts, *if true,* would constitute professional malpractice. . . . 'The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer.' " (Emphasis supplied.) *Housing Auth. of Savannah v. Greene,* 259 Ga. 435, 438-39 (5 & fn. 3) (383 SE2d 867) (1989).

It is clear that the expert affidavit attached to appellants' complaint meets this standard. An expert affidavit filed with a complaint pursuant to OCGA § 9-11-9.1 need *not* be based upon the affiant's actual personal knowledge. To the contrary, the affiant may base his expert opinion upon an assumption that the factual allegations of the complaint are true, just as he could base his expert opinion at trial upon an assumption of the truth of the evidence adduced to support those allegations. It follows that the trial court erred in finding that the expert affidavit submitted by appellants failed to meet the pleading requirements of OCGA § 9-11-9.1.

4. Appellants also enumerate as error the trial court's failure to consider an amendment to their expert's affidavit. This enumeration is rendered moot by our holding in Division 3.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

Decided January 10, 1991.

*Henry & Pearson, J. Hue Henry,* for appellants.
*Swift, Currie, McGhee & Hiers, Jeffrey Y. Lewis, John P. Mac-*

*Naughton*, for appellees.