A91A1965. BOWEN v. ADAMS.
(416 SE2d 102)

CARLEY, Presiding Judge.

Appellant-plaintiff filed the instant medical malpractice action, alleging that appellee-defendant had performed "an unnecessary operative procedure which was not needed or indicated by [her] condition." Appellee answered and subsequently moved to dismiss for failure to state a claim for medical malpractice, urging that the expert affidavits that had been filed with appellant's complaint did not satisfy the requirements of OCGA § 9-11-9.1. The trial court granted appellee's motion to dismiss and appellant appeals.

"In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). Unlike OCGA § 9-11-56, which imposes an *evidentiary* requirement in the context of summary judgment on the merits, OCGA § 9-11-9.1 merely imposes an initial *pleading* requirement on the plaintiff in a malpractice action. *Robinson v. Starr*, 197 Ga. App. 440, 441 (2) (398 SE2d 714) (1990). Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1. *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286 (1) (378 SE2d 708) (1989). The sufficiency of the expert affidavit determines whether the complaint for malpractice "is subject to dismissal for failure to state a claim. . . ." OCGA § 9-11-9.1 (e). When the sufficiency of a plaintiff's complaint to state a claim for relief is questioned by a motion to dismiss, it is to "be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be enti-

tled to relief under any state of provable facts should the complaint be dismissed. [Cit.]" *Ghitter v. Edge,* 118 Ga. App. 750, 752 (1) (165 SE2d 598) (1968).

The negligent act "claimed to exist" in the instant case is appellee's performance of "an unnecessary operative procedure" upon appellant. In support of this claim, appellant attached to her complaint the affidavit of a physician whose competency has not been questioned. Nowhere in this affidavit did appellant's expert *specifically* opine that appellee's performance of the surgical procedure was, as appellant had alleged in her complaint, an act of medical *negligence.* However, *even* in the *evidentiary* context of a motion for summary judgment on the merits, "such explicit conclusory pronouncements out of the mouths of those clothed with the mantle of evidentiary expertise are not essential." *Lawrence v. Gardner,* 154 Ga. App. 722, 724 (270 SE2d 9) (1980). See also *Jackson v. Gershon,* 251 Ga. 577 (308 SE2d 164) (1983). "The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer." *0-1 Doctors Mem. Holding Co. v. Moore,* supra at 288 (1).

Appellant's expert *did* opine the following: That other medical procedures are "ordinarily" employed prior to resort to the surgical procedure performed by appellee; that, in appellant's specific case, the surgical procedure performed by appellee was "premature"; and that, as the result, appellant suffered an injury in the form of "permanent hoarseness." Although an unfavorable construction of this affidavit may be possible, construing it most favorably for appellant and resolving all doubts in her favor, it constitutes an affirmation that appellant's complaint is not frivolous and that, if true, the allegations therein would authorize a recovery for an injury resulting from medical malpractice consisting of appellee's performance of "premature" surgery rather than such other medical procedures as would "ordinarily" have been employed. See generally *Housing Auth. of Savannah v. Greene,* 259 Ga. 435, 439 (5) (383 SE2d 867) (1989); *Druckman v. Ethridge,* 198 Ga. App. 321 (3) (401 SE2d 336) (1991). Appellant cannot be required to submit an expert affidavit which unequivocally demonstrates the evidentiary merits of her claim unless and until appellee moves for summary judgment and submits evidence demonstrating that appellant's claim lacks merit. It follows that the trial court erred in granting appellee's motion to dismiss.

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

Decided February 5, 1992. —
Reconsideration denied March 2, 1992 — 

G. Clyde Dekle III, for appellant.

Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Brian R. Neary, for appellee.