## S92A0501. GADD v. WILSON & COMPANY, ENGINEERS & ARCHITECTS.
### (416 SE2d 285)

BELL, Justice.

In this case appellee moved to dismiss appellant's complaint on the ground that appellant had not complied with OCGA § 9-11-9.1. We reverse the trial court's grant of the motion.

Subsection (a) of § 9-11-9.1 provides that

[i]n any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

The basis for appellee's motion was that the initial affidavit filed by appellant failed to satisfy § 9-11-9.1 (a), in that the affiant did not

attribute to appellee the negligence alleged in the affidavit.[1] Appellant appealed to this Court, contending that § 9-11-9.1 does not require that an affidavit identify the allegedly negligent party.

Although the express language of § 9-11-9.1 does not require the affidavit to name the party who was allegedly negligent, § 9-11-9.1 has been interpreted as requiring that "an affidavit be filed by a competent expert witness setting forth a single negligent act *allegedly committed by the defendant.*" (Emphasis supplied.) *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989).[2] However, since § 9-11-9.1 establishes an " 'exception to the general liberality of pleading permitted under [the Civil Practice Act, OCGA § 9-11-1 et seq.],' *Continental Invest. Corp. v. Cherry*, 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971)," *0-1 Doctors Mem. Holding Co.*, supra, 190 Ga. App. at 288 (bracketed text from *0-1 Doctors*), it should be construed in a manner consistent with the liberality of the Civil Practice Act where such construction does not detract from the purpose of § 9-11-9.1 "to reduce the number of frivolous malpractice suits being filed," *0-1 Doctors*, supra, 190 Ga. App. at 288. A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible. *Bowen v. Adams*, 203 Ga. App. 123, 124 (416 SE2d 102) (1992).

In the instant case, the affidavit in question did not expressly ascribe the alleged negligence to appellee, but the requirement that the alleged negligence had to be linked to appellee was substantially met by the fact that appellee was the only defendant[3] and therefore was implicitly the party to whom appellant was attributing the alleged negligence.[4] When viewed from this perspective, no question of frivolity could arise from the absence of a specification of identity.

Accordingly, we hold that the trial court erred by dismissing appellant's complaint. In light of this holding, we do not address appel-

---

[1] The affidavit was later amended, with the affiant specifying that appellee was the allegedly negligent party. The parties dispute whether under the facts of this case such amendment was permissible, but because we reverse this case on the basis that the initial affidavit was not defective, we do not address whether the affidavit could be amended.

[2] All passages from *0-1 Doctors* that are quoted in this opinion were previously quoted with approval in *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 439 (5) (383 SE2d 867) (1989).

[3] Appellant initially sued appellee and one other defendant, but the action against the second defendant was transferred to another court before appellant filed her § 9-11-9.1 affidavit in her remaining action against appellee.

[4] We do not address whether the result might be otherwise in a case involving multiple defendants, but note that the better practice is for plaintiffs in all cases, whether involving single or multiple defendants, to expressly specify in § 9-11-9.1 affidavits the identity of the defendant or defendants who are alleged to have been negligent.

lant's remaining enumerations of error.[5]

*Judgment reversed. All the Justices concur, except Hunt and Fletcher, JJ., who concur specially.*

HUNT, Justice, concurring specially.

The affidavit required by OCGA § 9-11-9.1 is attached to, and is part of the complaint, and must be read with the complaint. The affidavit sets forth at least one negligent act or omission on the part of the "designer," who is identified as the defendant in the sworn allegations of the complaint. Thus, I would not hold, as does the majority, that the plaintiffs "substantially met" the requirement of OCGA § 9-11-9.1 that the negligence be linked to the defendant. Rather, there is no question the plaintiffs met that requirement.

I am authorized to state that Justice Fletcher joins in this special concurrence.

DECIDED MAY 21, 1992.

*Robert M. Goldberg, Alan Z. Eisenstein,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Daniel J. Huff,* for appellee.

---

[5] Those enumerations include challenges to the constitutionality of § 9-11-9.1.