A92A0413. DOZIER et al. v. CLAYTON COUNTY HOSPITAL AUTHORITY et al.

(424 SE2d 632)

BIRDSONG, Presiding Judge.

This is an appeal from the order of the superior court granting Clayton County Hospital Authority's (authority) motion for partial summary judgment on the issue of sovereign immunity, and the motions of all appellees to strike and dismiss the complaint for failure to attach a legally sufficient affidavit thereto in this medical malpractice suit.

On February 14, 1991, appellants filed a medical malpractice action alleging the February 19, 1989 wrongful death of Gregory A. Dozier. Attached to the complaint was a document entitled "Affidavit of George Podgorny, M.D." At least one negligent act or omission on the part of each defendant was set forth in the document, and the document appears to assert therein the factual basis for each medical malpractice claim. However, the document reveals that the opinions of Dr. Podgorny were based at least in part upon his review of a variety of medical and hospital records, none of which was attached to the complaint. Appellees asserted an affirmative defense in their answers that the affidavit failed to comply with the requirements of OCGA § 9-11-9.1, and asserted a failure of the complaint to state a claim upon which relief could be granted. Appellees filed motions to strike and to dismiss the complaint, and appellee hospital also filed a motion for partial summary judgment on the issue of sovereign immunity. Appellants thereafter filed an amended complaint with medical records attached. The trial court found that appellants had not attached the medical records to the affidavit; that appellants possessed the medical records before the complaint was filed; that appellants' expert had reviewed those records before giving his opinion; that the affidavit failed to meet the requirements of OCGA § 9-11-9.1 (a); and that the failure to attach the medical records was not a "mistake." The trial court granted the appellees' motions to dismiss, and also granted appellee authority's motion for partial summary judgment on the issue of sovereign immunity. *Held*:

1. Pursuant to Court of Appeals Rule 13, the motion of the Geor-

gia Trial Lawyers Association for the consideration of their "Brief of Amicus Curiae" is granted.

2. Appellants assert the trial court erred in granting appellee authority's motion for partial summary judgment on the issue of sovereign immunity. We agree. The trial court relied on the authority of *Hospital Auth. &c. v. Litterilla*, 199 Ga. App. 345 (404 SE2d 796). The authority consistently asserted before the trial court and initially on appeal that *Litterilla* was controlling. The trust agreements reveal on their face that the authority elected to create a self-insurance program, which inter alia contemplated the payment of expenses related to malpractice and comprehensive general liability losses not otherwise covered by commercial malpractice or comprehensive general liability insurance. To the extent provided, the authority's self-insurance trust funds, coupled with any existing commercial insurance, "constitutes 'liability insurance protection' within the meaning of the constitutional provision [Art. I, Sec. II, Par. IX, Ga. Const. of 1983] and therefore acts as a waiver of sovereign immunity." *Litterilla v. Hosp. Auth. &c.*, 262 Ga. 34, 36 (413 SE2d 718), reversing *Hospital Auth. &c. v. Litterilla*, 199 Ga. App., supra.

Further, the ratification of the 1991 amendment to Art. I, Sec. II, Par. IX of the Ga. Constitution of 1983 "must have prospective effect only and does not act to withdraw any waiver of sovereign immunity for actions pending on January 1, 1991, the amendment's effective date." *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 54 (414 SE2d 638). "Under Georgia law, a waiver of sovereign immunity occurs at the time that the cause of action arises. *Donaldson*, supra. Therefore, sovereign immunity [is] waived to the extent of available insurance coverage as to any cause of action that accrued before the effective date of the constitutional amendment. The waiver was not withdrawn by the passage of the constitutional amendment and remains effective regardless of whether the action was filed before or after the effective date of the amendment." *Curtis v. Bd. of Regents &c.*, 262 Ga. 226, 228 (416 SE2d 510). In the case at bar, although the complaint was filed after the effective date of the statute, it has not been controverted that the cause of action accrued before January 1, 1991. Accordingly, the waiver of any existing defense of sovereign immunity has not been withdrawn in this case.

In view of the above, we need not determine whether the authority currently is entitled to claim the defense of sovereign immunity. Compare *Litterilla v. Hosp. Auth. &c.*, 262 Ga., supra at note 1 with *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347 (1a) (411 SE2d 75), citing *Hospital Auth. &c. v. Litterilla*, 199 Ga. App., supra.

3. The trial court granted appellee authority's motion to dismiss for noncompliance with the requirements of OCGA § 9-11-9.1. The authority asserts that appellants' affidavit attached to its complaint

was deficient in that it failed to attach timely the hospital and medical records referred to in the affidavit.

We must first consider whether appellants were required to attach a supporting expert affidavit to their complaint against the hospital authority, based inter alia on medical malpractice claims stemming from alleged acts of negligence by the authority's agents and employees.

OCGA § 9-11-9.1 (a) pertinently provides that "[i]n any action for damages alleging *professional* malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert." (Emphasis supplied.) In *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720), it was held that where professional skill and judgment are not involved, an affidavit under OCGA § 9-11-9.1 is not necessary. However, in the case at bar it appears that all of the claims averred against the authority (with sufficient particularity so as to provide reasonable notice under Code pleading requirements) were grounded upon the authority's liability for the acts and omissions of its agents and employees under the doctrine of respondeat superior. These acts or omissions, as averred in the complaint, required the exercise of some form of medical skill and judgment on the part of the agents or employees concerned. In *Gillis v. Goodgame*, 262 Ga. 117, 118 (414 SE2d 197), it was concluded that "the legislature intended for the term 'professional' as used in OCGA § 9-11-9.1 to be defined by OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24. . . . [T]herefore . . . the affidavit requirements of § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24." This holding was further clarified in *Lamb*, supra at 72 (2), which recognized that *Gillis*, supra, held that the affidavit requirements of § 9-11-9.1 apply only to those *professions* recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2) and 43-1-24. Thereafter, the Supreme Court concluded in *Lamb*, supra at 72, "[i]nsofar as [appellant's] complaint alleges negligence against the hospital for supplying defective equipment for use in treating its patients, the case is not one against a 'professional' *or involving 'professional malpractice.'* Therefore, OCGA § 9-11-9.1 is inapplicable and no affidavit is required." (Emphasis supplied.) The essence of this holding appears to be that an appropriate affidavit is required not only when a particular claim is against a "professional" but also when a particular claim is grounded upon "professional malpractice," that is, an act or omission caused by a "professional" which constitutes malpractice. The hospital authority not being a "professional," the affidavit requirement does not apply automatically as to any claim asserted against it. *Greene County Hosp. Auth. v. Turner*, 205 Ga. App. 213 (421 SE2d 715) and *Thornton v. Ware County Hosp. Auth.*, 205 Ga. App. 202 (421 SE2d 713). Rather, the affidavit requirement ap-

plies against a hospital not only when liability is based upon the doctrine of respondeat superior but when it is further grounded upon the averment of acts or omissions requiring the exercise of professional skill and judgment by agents or employees who themselves are recognized as "professionals" under OCGA §§ 14-7-2 (2); 14-10-2 (2) and 43-1-24. Compare *Thornton v. Hospital Auth.*, supra, with *Greene County Hosp. Auth. v. Turner*, supra. See *Lamb*, supra at 72 (2). Thus, to the extent that the complaint avers claims of liability, based on the doctrine of respondeat superior, arising from acts or omissions constituting malpractice by doctors, registered professional nurses, or other "professionals," as recognized by said statutes, an appropriate affidavit, as defined in *Thornton*, supra at 203, was required under OCGA § 9-11-9.1. However, to the extent that the complaint avers claims based on the acts or omissions of agents or staff employees who are *not* "established" by the movant hospital as qualifying as professionals under *Gillis*, supra, no supporting affidavit would be required, and those claims accordingly could not be dismissed. (Compare *Greene County Hosp. Auth.*, supra at 203.) For example, the failure to take vital signs promptly by hospital staff personnel having such a duty and the failure thereafter of such personnel to take vital signs at appropriate intervals is a claim which would require no supporting expert affidavit as against those agents or employees who are *not* statutorily recognized as "professionals," as above discussed. " '[A] motion to dismiss . . . should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim.' " *Union Camp Corp. v. Southern Bulk Indus.*, 193 Ga. App. 90 (386 SE2d 866). As such certainty does not exist in this instance, the trial court erred in dismissing appellants' complaint in toto as against the hospital authority.

4. Appellants assert the trial court erred in ruling that the affidavit filed contemporaneously with the complaint failed to meet the pleading requirements of OCGA § 9-11-9.1. Defendants' challenge to the affidavits primarily was grounded upon appellants' failure to attach certain medical documents to the complaint, which had been relied upon by the expert as revealed in his affidavit. The trial court found that appellants were in possession of these documents at the time the complaint was filed, but did not attach them due to a misinterpretation of the law; and, that the personal knowledge referred to in the expert's affidavit relates to his experience and to the standards of care required rather than the facts of this particular case.

The trial court, relying on *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865), granted appellees' motions to dismiss. *Cheeley* holds inter alia that failure to file an affidavit in compliance with the requisites of OCGA § 9-11-9.1 (a), due to a misinterpretation of law would

preclude cure of the defective affidavit by amendment. However, *Cheeley* is factually distinguishable from this case in that the affidavit in *Cheeley* failed to set forth specifically at least one negligent act as required by statute. The affidavit in this case "set[s] forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). Thus we must determine whether an affidavit is statutorily insufficient which satisfies all the express requirements of OCGA § 9-11-9.1 (a) but fails to attach the medical documents therein referred to and relied upon by the expert when reciting in the affidavit the factual basis supporting each claim.

*Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) concerns the sufficiency of an expert affidavit submitted in opposition to a motion for summary judgment. *Hayes* is both factually and legally distinguishable from the case at bar. Likewise distinguishable is *Smith v. Feliciano*, 187 Ga. App. 86 (369 SE2d 346), as it pertinently concerns the sufficiency of an expert affidavit submitted in opposition to a motion for summary judgment; moreover, the affidavit in *Smith* is not shown to have contained a recitation of the factual basis supporting each claim. Also distinguishable are *Brooks v. Boykin*, 194 Ga. App. 854 (392 SE2d 46) and *Mingledolph v. Univ. Emergency Physicians*, 174 Ga. App. 75 (329 SE2d 222).

An expert affidavit, submitted by plaintiffs, has "a lesser evidentiary standard to meet when used to fulfill the requirement of OCGA § 9-11-9.1 (a)," than when also relied upon as expert testimony to create genuine issues of material fact in the disposition of a motion for summary judgment. *Sanders v. Ramo*, 203 Ga. App. 43, 44 (1) (416 SE2d 333). In *0-1 Doctors &c. Co. v. Moore*, 190 Ga. App. 286 (378 SE2d 708), this court rejected a contention that the requirement of an expert affidavit in OCGA § 9-11-9.1 mirrors the recognized requirements concerning the contents of affidavits placed upon malpractice plaintiffs when the disposition of a summary judgment motion is at issue. Thus, in *0-1 Doctors*, supra at 288 (1), we held: "We are not persuaded by appellees' arguments to incorporate the evidentiary standards applicable to evidence supporting a motion for summary judgment pursuant to OCGA § 9-11-56 (e) to the rule of pleading set forth in OCGA § 9-11-9.1 (a). In its requirement that a plaintiff elaborate upon and verify the existence of a cause of action, OCGA § 9-11-9.1 bears a far closer similarity to OCGA § 9-11-9 (b) (pleading fraud with particularity) than the procedural requirements under OCGA § 9-11-56, which allows parties, after discovery has been exhausted, to obtain judgment on the merits of a claim in factually uncontested cases. We construe OCGA § 9-11-9.1 as establishing an 'exception to the general liberality of pleading permitted under (the Civil Practice Act, OCGA § 9-11-1 et seq.)' [cit.], by requiring when a

malpractice suit is instituted that along with the complaint an affidavit be filed by a competent expert witness setting forth a single negligent act allegedly committed by the defendant [and the factual basis for each such claim]. The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer. . . . The record reveals that appellant submitted a valid affidavit by [an expert], competent to testify in court, which set forth one negligent act . . . and the factual basis for that claim, in full compliance with the requirements set forth in OCGA § 9-11-9.1 (a)." *0-1 Doctors*, supra, was cited with general approval in the recent Supreme Court case of *Gadd v. Wilson & Co. &c.*, 262 Ga. 234 (416 SE2d 285) (although affidavit did not expressly ascribe the alleged negligence to appellee, the requirement that the alleged negligence had to be linked to appellee was *substantially* met as appellee was the only defendant and therefore was implicitly the party to whom negligence was being attributed; when viewed from this prospective, no question of frivolity of claim exists).

In *Bowen v. Adams*, 203 Ga. App. 123-124 (416 SE2d 102), this court pertinently held: "Unlike OCGA § 9-11-56, which imposes an *evidentiary* requirement in the context of summary judgment on the merits, OCGA § 9-11-9.1 merely imposes an initial *pleading* requirement on the plaintiff in a malpractice action. [Cit.] Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1. [Cit.] The sufficiency of the expert affidavit determines whether the complaint for malpractice 'is subject to dismissal for failure to state a claim. . . .' OCGA § 9-11-9.1 (e). When the sufficiency of a plaintiff's complaint to state a claim for relief is questioned by a motion to dismiss, it is to 'be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." Likewise, "[a] Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible." *Gadd*, supra at 235, citing *Bowen*, supra. " 'The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed.' . . . Although an unfavorable construction of this affidavit may be possible, construing it most favorably for appellant and resolving all doubts in [appellant's] favor, it constitutes an affirmation that appellant's complaint is not frivolous and that, *if true*, the allegations therein would author-

ize a recovery for an injury resulting from medical malpractice consisting of appellee's performance of [the negligent acts or omissions specifically set forth]. . . . Appellant cannot be required to submit an expert affidavit which unequivocally demonstrates the evidentiary merits of her claim unless and until appellee moves for summary judgment and submits evidence demonstrating that appellant's claim lacks merit." (Emphasis supplied.) *Bowen*, supra at 124.

Appellees further rely on our holding in *Gooden v. Ga. Baptist Hosp. &c.*, 198 Ga. App. 407 (401 SE2d 602), while appellants assert that *Druckman v. Ethridge*, 198 Ga. App. 321 (401 SE2d 336) is outcome determinative. Both of these cases are distinguishable from this case at bar (for example, *Gooden* involves a third complaint filed pursuant to the renewal provisions of OCGA § 9-2-61 (a) and concerns affidavits which were not originals but photocopies). However, we find the result obtained in *Druckman* is more consistent with the holdings of this court in *0-1 Doctors* and *Bowen*, supra, and with the subsequent holding of the Supreme Court in *Gadd*, supra, given the particular facts before us on appeal. " 'What OCGA § 9-11-9.1 (a) requires is that the expert affidavit set forth specifically at least one negligent act or omission "claimed to exist" and the factual basis for each such claim. . . . *It is unnecessary for the . . . plaintiff to . . . prove the alleged facts. . . .* [W]here a . . . complaint asserts a damage claim and alleges professional malpractice, it is only necessary that there be filed contemporaneously with the filing of the complaint the affidavit of an expert stating that, in his expert opinion, such facts, *if true*, would constitute professional malpractice. . . .' " (Emphasis supplied.) *Druckman*, supra at 322. The affidavit in this case, as in *Gadd*, supra, substantially meets the statutory requirements of OCGA § 9-11-9.1. Further, as above noted, " ' "[t]he purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need . . . answer." ' " *Druckman*, supra at 322. "It is clear that the expert affidavit attached to appellant's [original] complaint meets this standard [under the operative facts of this case]. An expert affidavit filed with a complaint pursuant to OCGA § 9-11-9.1 need *not* be based upon the affiant's actual personal knowledge. To the contrary, the affiant may base his expert opinion upon an assumption that the factual allegations of the complaint are true [or upon an assumption that the factual allegations expressly recited in his affidavit and obtained from his attested personal examination of specifically identified medical documents, whether or not such documents are attached to his affidavit, likewise are true], just as he could base his expert opinion at trial upon an assumption of the truth of the evidence adduced to support those allegations." Id. at 322. As in

*Druckman*, supra, it follows that the trial court erred in finding that the expert affidavit submitted by appellants failed to meet the pleading requirements of OCGA § 9-11-9.1.

In view of the holdings in Divisions 2-4, we elect not to address appellants' remaining enumerations of error and the contentions in support thereof.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 30, 1992 ▮▮▮▮▮▮▮

*Franklin, Taulbee, Rushing & Bunce, James B. Franklin, Keith A. McIntyre*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Love & Willingham, Daryll Love, Alston & Bird, Judson Graves, Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Jr., Robert J. Higdon*, for appellees.