A93A0941. HEWETT v. KALISH.
(436 SE2d 710)

BEASLEY, Presiding Judge.

We affirm the dismissal of plaintiff Hewett's medical malpractice action against defendant Kalish, a podiatrist, based on insufficiency of an allopathic physician's affidavit filed with the complaint pursuant to OCGA § 9-11-9.1.

Plaintiff sought compensation for injuries allegedly resulting from defendant's failure to exercise the degree of care and skill exercised by podiatrists generally while performing a posterior tibial nerve resection and epineuroplasty. It is alleged that she lost sensation over most of the sole of her left foot. She also sought punitive damages for wilful, intentional or wanton misconduct and intentional infliction of

emotional distress.

The affiant is Alan D. Davis, M.D., a licensed medical doctor specializing in orthopedics and certified by the American Board of Orthopedic Surgery. The affidavit sets forth Dr. Davis' professional credentials, various hospital staff affiliations and his curriculum vitae. Certified copies of plaintiff's medical records are attached. Dr. Davis averred in part: "I am . . . competent to testify as an expert on behalf of [plaintiff] in an action for professional malpractice arising out of the diagnosis, care and treatment of [plaintiff] from January 1988 through March 1992. I have personal knowledge of the facts recited in this Affidavit. My opinions in this Affidavit are based upon my education, training and experience in practicing orthopedics, together with my own professional and careful examination of [plaintiff], as well as review of [her] medical records. . . ." He stated that in his professional opinion, defendant deviated from the standard of care in failing to evaluate and treat tarsal tunnel syndrome in plaintiff and in performing the posterior tibial nerve resection. His affidavit continued: "With respect to the foregoing negligent acts or omissions to act, the factual bases of such claims are as follows: a. Examination of plaintiff; b. Review of [plaintiff's] records . . .; c. Training and experience in medicine and in orthopedics in particular; and d. Examinations and treatments of other patients with similar histories and conditions in the past."

OCGA § 9-11-9.1 imposes a *pleading* requirement on a plaintiff in a professional malpractice action, unlike OCGA § 9-11-56 which imposes an *evidentiary* requirement on a party seeking or opposing summary judgment on the merits of the claim. *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992). Noncompliance with OCGA § 9-11-9.1 (a) subjects the complaint to dismissal for failure to state a claim. "When the sufficiency of a plaintiff's complaint to state a claim for relief is questioned by a motion to dismiss, it is to 'be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. (Cit.)' [Cit.]" *Bowen*, supra at 123. The statutorily-required affidavit should likewise "be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible." *Gadd v. Wilson & Co.*, 262 Ga. 234, 235 (416 SE2d 285) (1992). See also *Bowen*, supra; *Samuelson v. Lord, Aeck & Sergeant*, 205 Ga. App. 568, 570 (1) (423 SE2d 268) (1992). Nevertheless, the affidavit is insufficient if it fails to show the affiant is competent to testify as an expert in the case. *Milligan v. Manno*, 197 Ga. App. 171, 172 (397 SE2d 713) (1990).

The affiant's competency as it relates to the OCGA § 9-11-9.1 af-

fidavit is an evidentiary standard which must be satisfied at the pleading stage just as it.must throughout the proceedings. It is not to be confused with the liberality granted as construing pleadings under the CPA. It is required that the affiant be "competent to testify," which means that the affiant's qualification as an expert must be established at the very onset of the lawsuit. See OCGA § 24-9-67. Otherwise, the required statement setting forth "at least one negligent act or omission . . . and the factual basis for each such claim," OCGA § 9-11-9.1 (a), would be superfluous and irrelevant.

What then must be established as to the competency of an expert who is schooled in a discipline different from that of the defendant? "[I]n order for an affiant to be 'an expert competent to testify,' the expert either must be a member of the same professional school as the defendant or, if from a different professional school, must state the particulars how the methods of treatment are the same for the different schools in order to establish that the affiant possesses the expertise to be able to give an opinion regarding the applicable standard of care to which the defendant is held. [Cits.] '[W]here the affidavit "establishes that the witness is a member of a different school of medicine than that practiced by the defendant but contains no evidence that the methods of treatment of plaintiff's condition are the same so as to bring the witness within the exception to the general rule that he is incompetent to testify(, then) the affidavit is legally insufficient." (Cit.)' [Cit.]" *HCA Health Svcs. v. Hampshire*, 206 Ga. App. 108, 111 (3) (a) (424 SE2d 293) (1992). The rule was established in *Sandford v. Howard*, 161 Ga. App. 495 (288 SE2d 739) (1982), in connection with a motion in limine. It was recognized that podiatrists and allopathic orthopedic surgeons belong to different schools of medical practice, and "[t]he general rule is that a member of a school of practice other than that to which the defendant belongs is not competent to testify as an expert in a malpractice case." Id. at 497 (4). *Sandford* identified an exception to that rule: "Where there is proof by competent evidence that the methods of treatment are the same despite the difference in the nomenclature of the schools involved, the witness is competent to testify." Id. at 497 (5). This standard was adopted and further explained in *Bethea v. Smith*, 176 Ga. App. 467, 469 (2) (336 SE2d 295) (1985), a case in which a podiatrist's affidavit was submitted in support of a motion for summary judgment in a malpractice claim against an orthopedist: "Absent some evidence to show that the affiant's education, training, or experience as a podiatrist would likewise demonstrate his similar expert qualifications as to an orthopedist's diagnosis and treatment of [the foot ailment in question], the 'exception' in *Sandford* would not be shown." (Emphasis omitted.) The competency of an expert to testify must be judged by the same standard throughout the different levels of litigation. The

result is that the foregoing test has been applied to the OCGA § 9-11-9.1 pleading affidavit. *Milligan,* supra; *Chandler v. Koenig,* 203 Ga. App. 684, 685 (417 SE2d 715) (1992); *Tye v. Wilson,* 208 Ga. App. 253 (430 SE2d 129) (1993); *Nowak v. High,* 209 Ga. App. 536 (433 SE2d 602) (1993).

In *Chandler,* supra at 687, we described the requirement as necessitating the "showing of a professional overlap of expertise in at least one matter alleged by [plaintiff] to constitute malpractice. . . ." This standard has been followed since. *Hampshire,* supra at (3) (a) (affidavit of an allopathic physician in support of a malpractice claim against an osteopath was insufficient because it contained no evidence regarding the methods of treatment so as to establish "a professional overlap of expertise"); *Tye,* supra (because of overlapping expertise a medical doctor was competent to give an affidavit in a malpractice claim against a registered nurse involving the care of a post-operative intubated patient where it was shown the affiant was familiar with the standard of care exercised by the nursing profession); *Nowak,* supra (affidavit of a registered nurse sufficient in a malpractice claim against a medical doctor challenging the administration of an injection where it was shown the methods of treatment were the same and the affiant was familiar with the standard of care exercised by both professions).

We move to an examination of Dr. Davis' affidavit. Although it contained evidence that he is qualified through education, training and experience to treat patients with histories and conditions similar to plaintiff's and to evaluate plaintiff's condition based on physical examination and review of her records, it lacked evidence that he employed like methods of treatment as are employed in podiatry, so as to establish the expertise necessary to state an opinion regarding the standard of care to which the podiatrist defendant is held. Absent evidence of overlapping expertise to establish Dr. Davis' competency to testify in an area other than his specialty, the affidavit is thus insufficient to satisfy the pleading requirements of OCGA § 9-11-9.1. The court did not err in dismissing the complaint for failure to state a claim.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED OCTOBER 5, 1993 —
RECONSIDERATION DENIED OCTOBER 20, 1993

*Edward H. Kellogg, Jr., Michael G. Kam,* for appellant.
*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker,*

for appellee.