S94G0201. HEWETT v. KALISH.
(442 SE2d 233)

SEARS-COLLINS, Justice.

The appellant, Linda Hewett, brought this action against the appellee, Stanley Kalish, a podiatrist, alleging negligent treatment of her tarsal tunnel syndrome condition. Hewett filed the affidavit of an orthopedic surgeon with her complaint. The trial court dismissed the complaint on the ground that the affidavit was insufficient to satisfy OCGA § 9-11-9.1. The Court of Appeals affirmed. The Court held that § 9-11-9.1 established an evidentiary standard that had to be satisfied at the pleading stage. It then ruled that because the orthopedist was from a different professional school than Kalish, the orthopedist had to state in the affidavit that the two schools overlapped in their treatment of Hewett's condition in order to be an expert competent to testify against Kalish. *Hewett v. Kalish*, 210 Ga. App. 584, 585-586 (436 SE2d 710) (1993). We then granted certiorari to consider this ruling. Although we agree that the overlap test is the proper test to determine whether a plaintiff's expert from one professional school

is competent to testify against a defendant from a different professional school, we hold that the Court of Appeals erred by evaluating Hewett's § 9-11-9.1 affidavit pursuant to an evidentiary standard.

1. The Court of Appeals has ruled that § 9-11-9.1 "merely imposes an initial *pleading* requirement on the plaintiff"; that the sufficiency of the affidavit determines whether a plaintiff's action is subject to dismissal under OCGA § 9-11-12 (b) (6); and that for a complaint to be subject to dismissal for failure to state a claim, the affidavit must " '*disclose* with certainty that the plaintiff would not be entitled to relief under any state of provable facts.' " (Emphasis in original.) *Bowen v. Adams*, 203 Ga. App. 123, 123-124 (416 SE2d 102) (1992). Moreover, relying on *Bowen*, we have followed these pleading rules, holding that

> [a] Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible

so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits. *Gadd v. Wilson &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992). Although neither *Bowen* nor *Gadd* dealt with the competency prong of § 9-11-9.1 (*Bowen* dealt with whether the affidavit adequately set forth a negligent act and *Gadd* dealt with whether the affidavit adequately attributed the negligent act in question to the defendant), we can discern no reason why a stricter evidentiary requirement should obtain with regard to competency. Moreover, because § 9-11-9.1 merely imposes a pleading requirement, the rule that pleadings may contain conclusions, see *Ledford v. Meyer*, 249 Ga. 407, 408-409 (290 SE2d 908) (1982), would apply equally to a § 9-11-9.1 affidavit as to any other pleading.

Significantly, the application of pleading rules to the competency determination will not defeat the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits being filed. *Gadd*, 262 Ga. at 235. First, if a plaintiff's complaint would not be subject to dismissal after the application of pleading rules, then there is a reasonable likelihood that the complaint is not frivolous. Second, if a defendant believes that the application of pleading rules would not lead to the conclusion that the plaintiff's expert is incompetent to testify but the defendant nevertheless believes that the plaintiff's expert is in fact incompetent, the defendant may attempt to resolve this discrepancy at a hearing under OCGA § 9-11-12 (d).[1] The procedure would be as

---

[1] Section 9-11-12 (d) provides that

follows: The defendant must raise his or her 12 (b) (6) defense by motion or in his or her answer, § 9-11-12 (b), and then apply for the necessary hearing under § 9-11-12 (d), see *Prudential Timber &c. Co. v. Collins*, 144 Ga. App. 849, 851 (2) (a) (243 SE2d 80) (1978). At that hearing, the defendant may present evidence that the defendant contends shows that the plaintiff's expert is not in fact competent to testify, see OCGA § 9-11-43; *Sherwood Mem. Park v. Bryan*, 142 Ga. App. 664 (236 SE2d 903) (1977). By presenting matters outside the pleadings, the 12 (d) hearing must be treated as one for summary judgment. OCGA § 9-11-12 (b); *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d 519) (1982). Accordingly, summary judgment rules of notice must be met, see Gregory, Georgia Civil Practice, § 3-6 (j) (1990), and the plaintiff "shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56," § 9-11-12 (b). If the defendant pierces the plaintiff's pleading affidavit on the issue of competency by offering evidence that the defendant's professional school and the plaintiff's school do not overlap with regard to the method of treatment in question, and the plaintiff offers no further evidence that his or her expert is competent to testify, the trial court would be authorized to grant summary judgment to the defendant.

We find nothing in § 9-11-9.1 that precludes a resolution of competency pursuant to the foregoing procedures. As a motion to dismiss for an insufficient affidavit under § 9-11-9.1 is a motion to dismiss for failure to state a claim under § 9-11-12 (b) (6), *Bowen*, 203 Ga. App. at 123; *Hewett*, 210 Ga. App. at 585, and as § 9-11-9.1 does not provide that § 9-11-12 is inapplicable, such a hearing is a permissible method by which to challenge the sufficiency of an affidavit. Although it could be contended that § 9-11-9.1 (e) precludes a plaintiff from offering evidence at a 12 (d) hearing to establish his or her expert's competency, a close inspection of § 9-11-9.1 (e) reveals that it presents no such impediment. That section provides that "[e]xcept as allowed under subsection (b) of this Code section, if a plaintiff fails to file an affidavit as required by this Code section," the complaint is subject to dismissal and cannot be cured by amendment under OCGA § 9-11-15 "unless . . . the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake." By referencing subsection (b), which sets forth one exception when a plaintiff need not file an expert affidavit

---

[t]he defenses specifically enumerated in paragraphs (1) through (7) of subsection (b) of this Code section, whether made in a pleading or by motion, and the motion for judgment mentioned in subsection (c) of this Code section shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination thereof be deferred until the trial.

with the complaint, and by providing that the complaint can be amended if the plaintiff had the affidavit before filing the complaint but by mistake failed to file it, subsection (e) is only designed to preclude amendment under § 9-11-15 when the plaintiff completely fails to file an affidavit. See *Kneip v. Southern Engineering*, 260 Ga. 409 (395 SE2d 809) (1990), in which we stated that § 9-11-9.1 (e) applies to "a complaint alleging professional malpractice filed *without* an affidavit." (Emphasis supplied.) *Kneip* at 411 (4). Section 9-11-9.1 (e) thus does not preclude a plaintiff from presenting evidence of his or her expert's competency at a 12 (d) hearing when that expert's affidavit was initially filed with the complaint. To the extent *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991), is in conflict with this interpretation of § 9-11-9.1 (e), it is overruled.

For these reasons, we find that the Court of Appeals erred by holding that § 9-11-9.1 establishes an evidentiary standard regarding the affiant's competency that must be proven at the pleading stage. *Hewett*, 210 Ga. App. at 585-586. See also *Milligan v. Manno*, 197 Ga. App. 171, 172 (397 SE2d 713) (1990). Moreover, because Hewett's complaint was dismissed at the pleading stage, the Court of Appeals should have applied the pleading rules set forth in *Bowen*, 203 Ga. App. at 123-124, and *Gadd*, 262 Ga. at 235, in evaluating the sufficiency of Hewett's affidavit.

2. We will now apply those pleading rules. First, because Hewett's expert stated that he was competent to testify and because such conclusions are permissible in pleadings, *Ledford*, 249 Ga. at 408-409, the trial court erred by dismissing the complaint, and the Court of Appeals erred by affirming that dismissal. Moreover, in conjunction with statutory law regarding podiatrists and orthopedists, the pleading rule that a complaint may not be dismissed for an insufficient affidavit unless the affidavit " 'disclose[s] with certainty that the plaintiff would not be entitled to relief under any state of provable facts,' " *Bowen*, 203 Ga. App. at 123, leads to the same conclusion. A podiatrist practices medicine of the foot, see OCGA § 43-35-1 (2), and the only reason a podiatrist does not hold a full medical license under OCGA § 43-34-20 (3) is that the practice of medicine is not limited to any one area of the body, *Shaw v. Hosp. Auth.*, 507 F2d 625 (5th Cir. 1975). Moreover, orthopedists, just as podiatrists, are licensed to practice medicine of the foot. OCGA § 43-34-20 (3). In fact, orthopedists and podiatrists may render the same medical treatment to the foot except that the podiatrist may not perform amputations. See § 43-35-1 (2); *Sandford v. Howard*, 161 Ga. App. 495, 496 (288 SE2d 739) (1982); Op. Atty. Gen. No. 71-199. Because in many factual situations an orthopedist and a podiatrist will overlap in their medical treatment of the foot, rendering an orthopedist competent to testify against the podiatrist, and because Hewett's complaint does not dis-

close with certainty that such is not the case here, *Bowen*, 203 Ga. App. 123-124, Hewett's complaint should not have been dismissed.

For the foregoing reasons, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 25, 1994 —
RECONSIDERATION DENIED MAY 16, 1994.

*Rosenzweig, Kam, Jones & MacNabb, Michael G. Kam, Edward H. Kellogg, Jr.,* for appellant.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker,* for appellee.