A94A1870. RASKIN v. WALLACE.
(451 SE2d 485)

RUFFIN, Judge.

Appellant, Fred Raskin, is an inmate who was convicted of murdering his wife. Prior to the murder, Raskin was a psychiatric patient of appellee, Dr. James Wallace. Raskin filed an action for medical

malpractice against Wallace alleging that Wallace was unprofessional and erred in his care of Mr. and Mrs. Raskin, resulting in Mrs. Raskin's death and Mr. Raskin's imprisonment. Contemporaneously with the complaint, Raskin filed his own affidavit entitled "The Affidavit of Fred Raskin as to the Expert Witness Harold Clifford Morgan and his testimony." Dr. Morgan is a Board certified psychiatrist who evaluated Raskin and testified at Raskin's criminal trial that Raskin's physician should have hospitalized him immediately after Raskin began threatening to kill his wife. Raskin attached to his affidavit certain portions of the transcript from Dr. Morgan's trial testimony and averred the transcript should be incorporated into the affidavit, thereby satisfying the expert affidavit requirement under OCGA § 9-11-9.1.

Wallace moved to dismiss the complaint and the trial court granted the motion, holding that Raskin's affidavit was based on hearsay, not based upon proper expert testimony and otherwise insufficient to constitute a proper affidavit under OCGA § 9-11-9.1.

1. Raskin contends the trial court erred in ruling that his affidavit was insufficient because he is an indigent inmate who cannot afford an expert witness as required by OCGA § 9-11-9.1 and, accordingly, he has been denied access to the courts and equal protection of the law. " 'A constitutional question is within (the Supreme) (C)ourt's jurisdiction if it involves . . . an attack upon the constitutionality of some law of this state. . . . (Cit.)' *Zepp v. Mayor & Council of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576) (1986). However, '(i)t clearly is the law of this state that the Supreme Court is not required to and "will [not] pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was . . . distinctly passed on by the trial judge. (Cits.)" ' " *Archie v. Scott*, 190 Ga. App. 145, 146 (1) (378 SE2d 182) (1989). Thus, only if the constitutionality of OCGA § 9-11-9.1 had been raised and ruled upon below, would it be proper to transfer this case to the Supreme Court. Although Raskin raised his equal protection argument below, the trial judge did not "distinctly pass" or rule on it. Accordingly, Raskin's equal protection enumeration presents nothing for review by any appellate court. Id.

2. Raskin also contends the trial court erred because Dr. Morgan is an expert in psychiatry competent to testify and Raskin's affidavit, which recited and attached parts of Dr. Morgan's trial testimony, was sufficient to satisfy OCGA § 9-11-9.1. "We [have construed] OCGA § 9-11-9.1 as establishing an 'exception to the general liberality of pleading permitted under (the Civil Practice Act, . . .),' [cit.], by requiring when a malpractice suit is instituted . . . an affidavit be filed by a competent expert witness setting forth a single negligent act allegedly committed by the defendant. . . . The purpose of OCGA § 9-

11-9.1 is to reduce the number of frivolous malpractice suits being filed. . . ." *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). Our Supreme Court has held that the " 'affidavit should be construed most favorably to the plaintiff and all doubts . . . resolved in plaintiff's favor . . .' so long as such construction does not detract from the purpose of . . . reducing the number of frivolous malpractice suits. *Gadd v. Wilson &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992)." *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994).

Raskin correctly argues that we have allowed an expert's deposition from an original malpractice action to be incorporated into the complaint of the renewed action because this "complied with the spirit, if not the letter, of OCGA § 9-11-9.1." *Hosp. Auth. of Fulton County v. McDaniel*, 192 Ga. App. 398 (385 SE2d 8) (1989). Here, Raskin has clearly attempted such compliance. Moreover, given Dr. Morgan's testimony that Raskin's doctor should have immediately hospitalized him when he made the death threats against his wife and warned Mrs. Raskin as well as the fact that Dr. Morgan gave the factual basis for this opinion, it is likely Raskin's complaint against Wallace is not frivolous.

Nonetheless, the statute imposes an initial pleading requirement that the affidavit filed with the complaint be that of an "expert competent to testify." *Moore* and *Kalish*, supra. While the portions of the criminal transcript Raskin filed clearly show that Dr. Morgan was a Board certified, highly trained psychiatrist who was competent to testify, Raskin was not. Nor can we say that attempting to incorporate isolated pages of an uncertified trial transcript from a separate action in which the defendant's psychological state, not the physician's alleged negligence, was at issue is sufficient to constitute an affidavit as was the deposition in *McDaniel*, supra. Therefore, the trial court did not err in dismissing Raskin's complaint.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

Fred Raskin, *pro se.*

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., David G. Goodchild*, for appellee.