A95A0967. STUBBS et al. v. RAY et al.
(461 SE2d 906)

JOHNSON, Judge.

On January 24, 1991, Leonard Stubbs, Sr. signed an authorization for an angiogram, a diagnostic procedure, to be performed by Charles Ray III, M.D. Instead, Ray performed an angioplasty, an invasive surgical procedure. After the procedure, Stubbs began to experience excruciating pain in his leg. Ray was notified about Stubbs' condition, but did not come to the room or arrange for another physician to do so. Several hours later, another doctor saw Stubbs and ordered emergency surgery to attempt revascularization, which was unsuccessful. Gangrene developed and, as a result, Stubbs' leg was amputated above the knee.

Stubbs and his wife filed suit against Ray, Radiology Associates of Columbus, P.C., Ray's practice group, and St. Francis Hospital, not a party to this appeal, alleging medical malpractice and battery because the procedure was performed without Stubbs' informed consent, in violation of OCGA § 31-9-1. Ray, who is a radiologist, filed a motion to dismiss, alleging that the affidavit was insufficient because it was from a general surgeon rather than a radiologist and because it failed to satisfy the requirements of OCGA § 31-9-6.1 with respect to the new informed consent to surgical procedures statute. The trial court converted the motion to dismiss to a motion for partial summary judgment and granted it in favor of Radiology Associates and Ray based on the incompetency of the Stubbses' expert affidavit. This is an appeal from that ruling.

1. This division addresses the sufficiency of the affidavit of Dr. Joseph Bussey submitted with the Stubbses' complaint in accordance with OCGA § 9-11-9.1. In his motion to dismiss, Ray relied on *Chandler v. Koenig*, 203 Ga. App. 684 (417 SE2d 715) (1992), arguing that Ray is a radiologist, a specialty from a different professional school than Bussey, a general surgeon. After making that assertion, Ray argues that by making that assertion, the burden shifted to the

Stubbses to respond with contrary evidence regarding Bussey in accordance with *Hewett v. Kalish*, 264 Ga. 183 (442 SE2d 233) (1994). *Hewett*, however, merely allows a plaintiff the opportunity to respond to a challenge to the sufficiency of an affidavit, it does not require it. Id. at 185. Merely because a challenge is raised does not necessarily mean the challenge has any merit. We believe that Bussey's affidavit sufficiently establishes that his expertise in the area of post-operative care overlaps with Ray's, a radiologist who performed a surgical procedure; the Stubbses were not required to offer any further evidence at that point. Therefore, the failure of the Stubbses to respond to Ray's allegations that a general surgeon is incompetent to offer an affidavit against a radiologist who performs a surgical procedure did not entitle him to summary judgment pursuant to *Hewett*.

In this case, the Stubbses allege that Ray's failure to respond to a known post-operative risk associated with angioplasty in a timely manner constituted professional malpractice. See *Allison v. Patel*, 211 Ga. App. 376, 377 (438 SE2d 920) (1993). Bussey's affidavit establishes that he is a board-certified general surgeon who, from his training, experience and practice, is familiar with the standard of care, skill and diligence exercised by physicians and surgeons in the post angiography and angioplasty management of patients, particularly with the symptoms of clotting and blockage of arteries. Because, as noted above, these qualifications overlap with those of a radiologist performing that same surgical procedure, and because the affidavit in all other ways satisfies the requirements of OCGA § 9-11-9.1, we find that summary judgment based on the insufficiency of the affidavit was improperly granted.

2. Summary judgment was properly granted to Ray and Radiology Associates on Stubbs' battery claim. See *Harris v. Tatum*, 216 Ga. App. 607, 608-609 (1) (b) (455 SE2d 124) (1995), in which the language of the consent form signed by the patient was identical to the one signed by Stubbs.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Smith, J., concur.*

DECIDED AUGUST 28, 1995.

*Agnew, Schlam & Bennett, G. Michael Agnew, Brinkley & Brinkley, Jack T. Brinkley*, for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., C. Morris Mullin, Gerry, Friend & Sapronov, Mari L. Myer, Drew, Eckl & Farnham, James M. Poe*, for appellees.