A96A1771. VITNER v. MILLER.
(479 SE2d 1)

RUFFIN, Judge.

Annie Miller sued Saul Vitner, M.D. for professional malpractice in connection with two failed abortions performed on her by Vitner. Vitner appeals the denial of his motion to dismiss based on (1) the applicable statute of limitation and (2) the alleged insufficiency of the expert affidavit submitted with Miller's complaint. For reasons which follow, we affirm in part and reverse in part.

1. Prior to a voluntary dismissal without prejudice and refiling, this case originally appeared before us in *Vitner v. Miller*, 208 Ga. App. 306 (430 SE2d 671) (1993). The facts are fully set forth in the prior opinion. In that case, Vitner appealed the denial of his motion for summary judgment based on the applicable statute of limitation. A full court majority opinion held that the complaint, filed on March 18, 1991, was untimely as to the first abortion performed on March 11, 1989 because "any injury which resulted from the first abortion occurred and physically manifested itself to [Miller] by March 14[, 1989]." Id. at 307. However, we further held that the complaint was

*timely* as to the second abortion performed on March 15, 1989 because Miller's injury from the second abortion "manifested itself on March 20, 1989, when [Miller] began to bleed and experience pain after the second abortion." Id.

While Vitner contends that our original opinion is in error because subsequently discovered evidence shows Miller was aware of any injury from the second abortion prior to March 18, 1989, he has cited no evidence in the record supporting this assertion. "It is well-settled that an appellate court will not cull the record in search of error on behalf of one of the parties. [Cits.]" *Saffar v. Chrysler First Bus. Credit Corp.*, 215 Ga. App. 239, 240 (1) (450 SE2d 267) (1994). Furthermore, Vitner's reliance on portions of Miller's deposition, which was neither filed with the trial court in the present case nor included in the record on appeal, is mistaken. "In reviewing the trial court's decision, we cannot consider the deposition, [portions of which are cited in Miller's appellate brief], for we must take our evidence from the record. [Cits.]" *Ostuni Bros. v. Fulton County Dept. of Public Works*, 184 Ga. App. 406, 408 (2) (361 SE2d 668) (1987). Although Vitner filed a motion in the trial court to incorporate the file of the previously dismissed case, the record on appeal shows that this motion was not ruled upon by the trial court, and the file from the previously dismissed case was not included in Vitner's notice of appeal or otherwise forwarded to this Court.

Based on the record before us, we see no reason to deviate from our original opinion in *Miller*, supra. Thus, we affirm the trial court's denial of Vitner's motion to dismiss as to the March 15, 1989 abortion, but reverse as to the March 11, 1989 abortion.

2. Vitner further contends the trial court erred in denying his motion to dismiss on the basis that the expert affidavit submitted with Miller's complaint was insufficient. According to Vitner, the affidavit contained only conclusions and did not state any negligent acts as a basis for the conclusions. We disagree.

OCGA § 9-11-9.1 merely imposes an initial pleading requirement on a plaintiff in a malpractice action. "Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1. [Cit.]" *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992). Moreover, the Supreme Court has noted that "a Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible. . . ." (Citation and punctuation omitted.) *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994).

In the present case, the expert affidavit states that Vitner performed two suction abortions on Miller, that he failed to follow gener-

ally accepted medical practices, that he failed to exercise the degree of care generally employed by medical professionals in his field, and that his failure to complete the two suction abortions constituted negligence. We find this affidavit sufficient to satisfy the pleading requirement of OCGA § 9-11-9.1. See *Fidelity Enterprises v. Beltran*, 214 Ga. App. 205 (2) (447 SE2d 150) (1994).

Furthermore, there is little doubt that the statute's purpose in avoiding frivolous lawsuits is not at issue in this case. See *Gadd v. Wilson & Co.*, 262 Ga. 234 (416 SE2d 285) (1992). Not only has this case been pending for five years (including the previously filed action), but Miller's case withstood prior motions for summary judgment, an interlocutory appeal, and a motion for rehearing prior to the refiling. "The purpose of the Code requirement is to ensure a substantial basis for actions against professionals. Clearly, such a basis existed in the present case. . . ." *Hosp. Auth. of Fulton County v. McDaniel*, 192 Ga. App. 398 (385 SE2d 8) (1989). Accordingly, we hold that the trial court did not err in denying Vitner's motion to dismiss the complaint on this ground.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 12, 1996 —
RECONSIDERATION DENIED NOVEMBER 26, 1996 — ▮▮▮▮▮▮▮

*Sullivan, Hall, Booth & Smith, Brynda S. Rodriguez, Edwin A. Capitan*, for appellant.

*Donald W. Johnson*, for appellee.