THOMAS W. LATHAM, for plaintiff in error.
J. F. GOLIGHTLY, contra.

---

## MATTHEWS v. REID.

1. Where an attorney at law prepared an affidavit for the purpose of foreclosing a chattel mortgage, signed his name to it, and then laid it on the desk of the clerk of the superior court, at which the

latter was sitting, the attorney at the same time remarking, "Here is an affidavit I want to swear to; I have already signed it; the facts stated in it are true," and it does not appear that the clerk heard what the attorney said, but does appear that no oath was formally administered and that the clerk did not then nor till long afterwards sign the jurat, the affidavit was not duly made, and the clerk had no authority to issue an execution thereon.

2. It is grossly improper for the clerk, in concert with an attorney, to privately and secretly add to, or otherwise alter any document of file in the clerk's office, the same being forbidden by section 4471 of the code as a criminal offence.     *Judgment reversed.*

April 2, 1894.   Argued at the last term.

Levy and claim.   Before Judge BOYNTON.   Upson superior court.   July term, 1892.

A horse was levied on under foreclosure of a mortgage execution in favor of Reid against Parks.   Matthews interposed a claim, and set up that the affidavit required by law for foreclosing the mortgage was not made, that no oath was administered to the plaintiff's attorney whose name is signed to the affidavit, and that the signature to the jurat was made by the clerk of the superior court after the levy was made and the claim interposed, without any authority of court and in vacation.   The jury found the property subject, and claimant's motion for a new trial was overruled.

It appeared that the plaintiff's attorney wrote the affidavit in question, dated it and signed it as attorney for plaintiff, and then carried it to the clerk of the superior court, laid it upon his desk and said: "Here is an affidavit I want to swear to.   I have already signed it; the facts stated in it are true."   He could not say the clerk heard him, but he could have heard.   He did not administer any oath.   The attorney did not place his hand on the bible, or hold up his hand, or affirm in any way other than as stated.   The clerk did not then sign the jurat, of which fact the attorney was not aware until long afterwards, when the clerk privately called his attention to the omission and then signed his name

officially to the jurat, not by direction of the court, nor by the knowledge or consent of claimant or his counsel. The clerk testified that he had no recollection of the matter previously to the time he so signed. He knew the affidavit and mortgage were filed in his office, only because the entry of filing on the back was in his handwriting.

J. Y. ALLEN, for plaintiff in error.

CLAUDE WORRILL and B. L. TISINGER, contra.