5198.    REDWINE BROTHERS *v.* JARRELL, sheriff, *et al.*

1. Even if the paper filed by the plaintiffs in error could be considered as a traverse of the sheriff's answer to the rule, the sheriff's answer must be accepted as true until there is evidence to dispute it..
2. When it appears that no oath was in fact administered to one whose name is subscribed to a paper which purports to be his affidavit, or that he signed it without consciously assuming the obligation of an oath, the paper can not be regarded as an affidavit.
3. Because of the absence of lawful affidavits, the proceedings to foreclose certain mortgages and laborers' liens, and to sue out certain distress warrants, in the present case, were defective, and the final process therein was voidable. But neither the distress warrants nor the fi. fas. issued upon the laborers' liens, nor the mortgage fi. fas., were void. The process in each was amendable, and (under the provisions of section 5706 of the Civil Code) the affidavits which were the foundation of each proceeding were likewise amendable.
4. Since, by permission of the court, amendment may be effected by substitution of one writing for another, as well as by striking from or adding to the contents of a writing, the trial judge did not err in permitting certain parties to the rule to withdraw the liens in their favor, which had been defectively foreclosed, and in allowing these parties to amend the defective processes by substituting therefor the same liens after they had been foreclosed in accordance with the law.
5. Under the answer of the sheriff all the parties were properly before the court, and the character and amount of all the claims were admitted to be as stated by the sheriff in his answer to the rule. The amendments in the proceedings of the several parties as allowed by the court related back to the inception of each of the several proceedings, and perfected the distress warrant, which was levied as of the date upon which it was issued. The court did not err in awarding the funds in the hands of the sheriff to the several creditors of the defendant in accordance with the priority of their demands as fixed by law.

DECIDED JANUARY 27, 1914.

Money rule; from city court of Greenville—Judge Revill. August 11, 1913.

*J. W. Wise, J. W. Culpepper, N. F. Culpepper,* for plaintiffs in error.

*McLaughlin & Jones, Jones & Hatcher,* contra.

RUSSELL, C. J.  Certain property belonging to W. N. Street was

levied upon and sold by the sheriff of Meriwether county under a common-law fi. fa. and the levy of a distress warrant in favor of one R. C. Strozier. The proceeds of the sale amounted to $12,-529.22. After the sale various alleged liens in favor of other creditors of Street were placed in the hands of the sheriff, and Strozier brought a rule against the sheriff. The sheriff filed an answer admitting that Strozier's distress warrant had been levied by him, as alleged in Strozier's rule, and the property brought to sale, but setting up that on the date of that levy he levied also a fi. fa. in favor of Redwine Brothers against W. N. Street for $1,693.77 principal, $128.60 interest, and $182.22 attorney's fees, as well as certain other distress warrants, certain mortgage fi. fas., and certain fi. fas. issued upon foreclosure of laborers' liens. All of the papers, however, except the execution issued upon the common-law judgment of Redwine Brothers and Strozier's distress warrant, were alleged to have been placed in his hands before the sale, with instructions to hold up the money. These papers were as follows: A distress warrant in favor of I. R. Robertson v. W. N. Street for $250, and the cost of his warrant, 75 cents; a mortgage fi. fa. in favor of Clark & Crouch v. W. N. Street for $6,000 principal and $60 interest, besides costs; a mortgage fi. fa. in favor of Woodbury Live Stock Co. v. W. N. Street for $440 principal, $22.80 interest, and $3.95 costs; a mortgage fi. fa. in favor of B. B. Brown v. W. N. Street for $1,900 principal, $21.11 interest, and $3.95 costs; a mortgage fi. fa. in favor of B. B. Brown Co. v. W. N. Street for $1,104.56 principal, $77.31 interest, and $3.95 costs; a mortgage fi. fa. in favor of R. F. Strickland Co. v. W. N. Street for $1,479.89 principal and $19.72 interest; a distress warrant in favor of L. S. Clark v. W. N. Street for $500; a landlord's lien in favor of L. C. Clark v. W. N. Street for $1,500; a laborer's lien in favor of Joe Barker v. W. N. Street for $202.50 principal; a laborer's lien in favor of Son Beckham v. W. N. Street for $422 principal; a laborer's lien in favor of Henry Jones v. W. N. Street for $515 principal; a laborer's lien in favor of Bud Little v. W. N. Street for $176 principal; a laborer's lien in favor of Frank Gates v. W. N. Street for $465 principal; a laborer's lien in favor of Doc Mullins v. W. N. Street for $331 principal; a laborer's lien in favor of Evans Ticen v. W. N. Street for $72 principal; a laborer's lien in favor of Henry Reeves v. W. N. Street for $420 principal; a laborer's

lien in favor of Ed Strozier *v.* W. N. Street for $345 principal; a laborer's lien in favor of Clem Harris *v.* W. N. Street for $252.34 principal; a laborer's lien in favor of John Harris *v.* W. N. Street for $148.52 principal; a laborer's lien in favor of Abe Smith *v.* W. N. Street for $148.64 principal; a laborer's lien in favor of Dick Harris *v.* W. N. Street for $150 principal; a laborer's lien in favor of Wade Hood *v.* W. N. Street for $587 principal; a laborer's lien in favor of Della Geter *v.* W. N. Street for $211 principal; a laborer's lien in favor of Charles Hood *v.* W. N. Street for $243 principal; a laborer's lien in favor of Stacy Street *v.* W. N. Street for $350 principal; a laborer's lien in favor of Lee Geter *v.* W. N. Street for $210 principal; a laborer's lien in favor of Charles Prather *v.* W. N. Street for $552 principal.

Upon the hearing of the rule it appeared that no oath was administered so as to authorize the foreclosure of the mortgages or laborers' liens above referred to, which had been placed in the hands of the sheriff, and that no legal oath was administered so as to authorize the distress warrant in favor of Robertson; and each of these was withdrawn, by permission of the court, and there was substituted for each a new foreclosure, properly verified as required by law. Redwine Brothers introduced no testimony in support of their traverse of the sheriff's answer, if indeed their intervention can properly be called a traverse. On consideration of the rule the judge of the city court, after prorating the costs, attorney's fees, and expenses of advertisement, awarded the fund in hand to the several claimants, according to their priority as adjudged by the court, paying all claimants of the fund in full except Redwine Brothers, whose common-law fi. fa. was thus held to be inferior to the distress warrants, laborers' liens, and mortgage fi. fas. The result of the court's judgment is to pay all parties except Redwine Brothers the full amount of their claims, but the balance of the fund is insufficient, by about $1,000, to pay the claim of Redwine Brothers, and it is admitted that Street is insolvent, the sale under the levy having exhausted all of his property of every description. The only real question presented by the record is whether the court erred in not adjudging that the claim of Redwine Brothers should be paid in full, upon the ground that at the time of the levy their judgment fi. fa. was the only process in the hands of the sheriff which could have brought Street's property to

sale, and at the time of the sale the same condition existed, except, perhaps, as to one claim, the amount of which was not sufficiently large to affect the collection by Redwine Brothers of their fi. fa. in full.

The plaintiffs in error insist that though equitable principles may be applied in the administration of funds upon a money rule, no reason appears in the present case for the intervention of equity, and that the only principle involved in the decision is one of priority under the strict rules of law. And it is insisted that since there was no affidavit to entitle any of the liens claimed by laborers to foreclosure, nor any valid foreclosure of the distress warrant and mortgage fi. fas. at the time the liens dependent upon these foreclosures were placed in the hands of the sheriff, the court could not properly consider these alleged liens, or award them any portion of the fund. The decision of the Supreme Court in *Cumming v. Wright,* 72 *Ga.* 767, is relied upon as authority for the proposition that when the intervenors withdrew their liens, admitting that they had not been properly foreclosed, their claims of priority were utterly extinguished. If this contention of the plaintiff in error is sound it can not be questioned that the judgment of the trial judge is erroneous. However, it must be remembered that the decision referred to was rendered when affidavits which were the foundation of such proceedings as the foreclosure of mortgages, distress warrants, and laborer's liens were not amendable; and it appears, from a reading of the opinion, that the ruling of the court was based upon this fact, it being distinctly held that while the process might be amended, the affidavit of foreclosure was not amendable. Under section 5706 of the Civil Code, which section was codified from acts (Acts 1887, p. 59; Acts 1889, p. 110) adopted subsequently to the decision in the *Cumming* case, supra, "All affidavits that are the foundation of legal proceedings, and all counter-affidavits, shall be amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas."

Under the ruling of this court in *Read Phosphate Company v. Weischselbaum Co.,* 1 *Ga. App.* 420 (58 S. E. 122), and cases therein cited, the statements in the sheriff's answer must be treated as true, until they are satisfactorily contradicted by sufficient evidence. In the present case there was no evidence disputing the

sheriff's answer. Prima facie, therefore, the various claimants of the fund had liens as set forth in the sheriff's answer. These liens were not void, but voidable only; and in view of the statement in the bill of exceptions that the court permitted them to be withdrawn, and properly foreclosed liens to be substituted in their place, the substitution must be treated as an amendment permitted by the court. Amendment by substitution is as permissible as amendment by striking from or adding to the contents of the paper which it is sought to amend. The several liens having been perfected, their respective priorities were before the court for adjudication according to equitable principles (in which of course equity would follow the law), and, under the rules of legal priority, we see no error in the judgment of the trial judge. *Judgment affirmed.*