## 57687. COBB v. McCRARY.

SMITH, Judge.

Appellant asserts that the trial court erred in denying appellant's motion to set aside the judgment issuing a distress warrant. Appellant argues that the trial court lacked subject matter jurisdiction and that the judgment in this case was void ab initio because the affidavit used in applying for the distress warrant was not sworn to before one of the judicial officers enumerated in Code § 61-402. Appellant also contends that the affidavit used in applying for the distress warrant was defective because it failed to state both that appellant's rent was due and that appellant was removing his goods from the premises. The trial court did not commit error in denying appellant's motion to set aside the judgment and, therefore, we affirm.

1. A state court has subject matter jurisdiction to issue a distress warrant. Code § 61-402 specifically provides that application for a distress warrant may be made "before the judge of the superior court, *State court,* civil court, or small claims courts or any justice of the peace within the county where the tenant may reside or where his property may be found." (Emphasis supplied.) Appellee's failure to have the affidavit provided for in Code § 61-402 verified before a state court judge does not change the fact that a state court is empowered to issue a distress warrant. We do not accept *Young v. Cowles,* 128 Ga. App. 770 (197 SE2d 864) (1973) as persuasive authority to the contrary because only two judges of this court adopted the majority opinion.

2. CPA § 60 (Code Ann. § 81A-160) provides: "A motion to set aside must be predicated upon some *nonamendable defect* which does appear upon the face of the record or pleadings, or a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record of pleadings . . ." (Emphasis supplied.) Appellant asserts that a nonamendable defect exists in this case because the affidavit used in applying for the distress warrant was sworn to before a notary public, not before

one of the judicial officers enumerated in Code § 61-402. This assertion is incorrect. The failure to verify an affidavit as provided by law is an amendable defect. *Mellon Bank, v. Coppage,* 243 Ga. 219 (253 SE2d 202) (1979); *Wall v. Mills,* 126 Ga. App. 149 (190 SE2d 146) (1972). Therefore, the trial court did not err in denying appellant's motion to set aside the judgment, notwithstanding that the affidavit used in applying for the distress warrant was not properly verified. *Dunn v. Lockheed-Georgia Co.,* 146 Ga. App. 750 (247 SE2d 601) (1978).

The rule that the improper verification of an affidavit constitutes an amendable defect is limited in application to civil cases. In criminal cases, the affidavit upon which an accusation is based is void unless the purported affidavit was properly verified. *Scroggins v. State,* 55 Ga. 380 (1875). "The difference, we take it, between civil and criminal cases is that the court, knowing that the affidavit in a civil case might have been amended, [considers] any defects appearing upon the record . . . to have been waived by the party making the motion . . . The affidavit in a civil case, being subject to amendment, is not void even without the jurat; whereas, by the ruling in the *Scroggins* case, and on the grounds of the very best public policy, an affidavit which is the basis of a proceeding affecting the liberty and reputation of a citizen is not amendable as an affidavit in a civil case would be, but is wholly void . . . That which is void is not subject to amendment." *Gilbert v. State,* 17 Ga. App. 143, 145-146 (86 SE 415) (1915).

3. Contrary to appellant's assertion, the affidavit provided for in Code § 61-402 does not have to state both that rent is due *and* that the tenant is seeking to remove goods from the premises. Code § 61-402 provides: "When rent is due *or* the tenant is seeking to remove goods, the landlord, his agent, attorney in fact or attorney at law may, upon statement of the facts under oath, apply for a distress warrant . . ." (Emphasis supplied.) Code § 61-402 sets forth the specific factual averments which must be included in the affidavit to be used in applying for a distress warrant. The section is phrased in the disjunctive and must be so construed absent a clear indication that a

disjunctive construction is contrary to the legislative intent. Appellant asserts that Code § 61-401 provides such an indication. We disagree.

Code § 61-401 states: "The landlord shall have power to distrain for rent as soon as the same is due if the tenant is seeking to remove his goods from the premises." We agree with appellant's position that an affidavit conforming to this section alone would have to state both that rent is due and that the tenant is seeking to remove his goods from the premises. However, the language of Code § 61-401 does not establish that the legislature intended to authorize the issuance of a distress warrant only when the tenant is seeking to remove his goods from the premises. Moreover, the issuance of a distress warrant has traditionally been a remedy for mere non-payment of rent. *Wright v. Hawkins,* 68 Ga. 828 (1882). We conclude, therefore, that Code § 61-402 does not require that the affidavit used in applying for a distress warrant aver both non-payment of rent and removal of goods from the premises. This construction avoids a conflict between Code § 61-401 and Code § 61-402, is in keeping with the historical role of the distress warrant, and permits both statutes to be read in accordance with their plain meaning. "[W]e should presume the legislative intent to have been nothing beyond what the fair and usual meaning ascribed to the language would indicate . . ." *Oxford v. Chance,* 104 Ga. App. 310, 313 (121 SE2d 825) (1961).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Argued April 5, 1979 — Decided November 7, 1979 —

*Patricia Sullivan, Kendric Smith,* for appellant. *Jack K. Norris,* for appellee.