## A97A0804. PHOEBE PUTNEY MEMORIAL HOSPITAL
### v. SKIPPER.
(510 SE2d 101)

BEASLEY, Judge.

This medical malpractice action was first decided on appeal in *Phoebe Putney Mem. Hosp. v. Skipper*,[1] where the facts are fully set out. The court held that Skipper filed an invalid affidavit under OCGA § 9-11-9.1 based on the affiant's failure to sign the affidavit in a notary's presence and that a second affidavit did not serve to supplement the pleading. The trial court's denial of the hospital's motion to dismiss was reversed.

On writ of certiorari, the Supreme Court remanded the case to this Court for reconsideration in light of *Porquez v. Washington*,[2] which was decided after *Skipper*, and *Hewett v. Kalish*.[3]

*Porquez* and *Hewett* discuss the propriety of allowing plaintiffs to amend OCGA § 9-11-9.1 affidavits. According to *Porquez*, "[p]ermitting the plaintiff to amend the expert affidavit in order to meet the requirement that it set forth at least one claimed negligent act or omission by each defendant and its factual basis does not defeat the purpose of the statute, but instead helps to insure that the complaint is not frivolous. The recent amendment of OCGA § 9-11-9.1 affirms the legislative intent that a plaintiff have a broad right to cure by amendment an allegedly defective affidavit accompanying a charge of professional malpractice."[4]

*Porquez* and *Hewett* emphasize the rule that such affidavits "should be construed most favorably to the plaintiff with all doubts

---

[1] 226 Ga. App. 585 (487 SE2d 1) (1997).

[2] 268 Ga. 649 (492 SE2d 665) (1997).

[3] 264 Ga. 183 (442 SE2d 233) (1994).

[4] (Footnotes omitted.) Id. at 652 (1). OCGA § 9-11-9.1 was amended in 1997, applicable only to cases filed after July 1, 1997. Skipper's case, having been filed before that date, is subject to the former version. But since the Supreme Court construed the amendment as an affirmation of legislative intent already implied, that intent is honored in construing the former version.

resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible."[5] Under this rationale, a plaintiff may amend an affidavit when its sufficiency or the expert's competency is challenged.[6]

*Porquez* and *Hewett* make clear that plaintiffs must be afforded wide berth to conform to the requirements of OCGA § 9-11-9.1 in accordance with the liberality of the Civil Practice Act as long as the purpose of the affidavit requirement, which is to reduce frivolous malpractice actions, is not thwarted.

Accordingly, the original purported affidavit in this case could be amended or a new valid affidavit substituted for it. This had been accomplished before the trial court ruled on the motion to dismiss, so at that point the suit was no longer subject to dismissal under OCGA § 9-11-9.1 (e) or § 9-11-12 (b) (6) for failure to state a claim. OCGA § 9-10-130 provides that "[a]ll affidavits . . . that are the foundation of legal proceedings . . . shall be amendable to the same extent as ordinary pleadings and with only the restrictions, limitations, and consequences of ordinary pleadings." The affidavit required by OCGA § 9-11-9.1 is a requisite part of the initial pleading in a medical malpractice case.[7]

The prohibition against cure by amendment which is set forth in OCGA § 9-11-9.1 (e) does not pertain because plaintiff did file a purported affidavit, albeit a defective one. In the words of that section, plaintiff did not fail "to file an affidavit . . . contemporaneously with [her] complaint." As stated by the Supreme Court, "subsection (e) is only designed to preclude amendment under § 9-11-15 when the plaintiff completely fails to file an affidavit."[8] Thus the exception to that prohibition, contained in that section, need not be considered as an avenue for plaintiff to escape dismissal of her suit.

The original document filed as an affidavit under OCGA § 9-11-9.1 (b)'s statutory grace period was valid on its face and thus not void but rather voidable.[9] Its defect was discovered by defendant, which

---

[5] *Porquez,* supra, 268 Ga. at 650 (1); see *Hewett,* supra, 264 Ga. at 184 (1).

[6] *Porquez,* supra, 268 Ga. at 651; see also *Harris v. Murray,* 233 Ga. App. 661, 666 (3) (504 SE2d 736) (1998).

[7] *Hewett,* supra, 264 Ga. at 184 (1).

[8] Id. at 186 (1).

[9] *Redwine Bros. v. Jarrell,* 14 Ga. App. 294, 298 (80 SE 728) (1914); *Cobb v. McCrary,* 152 Ga. App. 212, 213 (2) (262 SE2d 538) (1979) (" '[an] affidavit in a civil case, being subject to amendment, is not void *even without the jurat'* ") (emphasis supplied); *Mellon Bank v. Coppage,* 243 Ga. 219 (253 SE2d 202) (1979) (writ obtained with verification signed before wrong person not void ab initio); *Horizon Credit Corp. v. Lanier Bank &c. Co.,* 220 Ga. App. 362 (1) (469 SE2d 452) (1996). See *Dal-Tile Corp. v. Cash N' Go,* 226 Ga. App. 808, 811-812 (487 SE2d 529) (1997) (Beasley, J., concurring specially) (Black's Law Dictionary defines "void" as "Null; ineffectual; nugatory; having no legal force or binding effect; unable to support the purpose for which it was intended." "Voidable" means "That which may be avoided,

sought prompt dismissal of the suit. The hospital's motion was meritorious when made, as an affidavit is not a "lawful affidavit" where signed outside the presence of the officer and no oath was administered.[10] If all a plaintiff has is an "affidavit" without a proper jurat, oath or signature, then that alone is insufficient to support a proceeding that requires an affidavit.[11]

But here the plaintiff filed a valid affidavit as a substitute for the defective one, before the court ruled on defendant's motion.[12] With respect to affidavits, "[a]mendment by substitution is as permissible as amendment by striking from or adding to the contents of the paper which it is sought to amend."[13] Although the rule quoted is a pre-Civil Practice Act rule, there is no reason to reject it for this case. First, OCGA § 9-10-130 applies in particular, rather than the CPA. Second, the CPA is to be construed liberally.[14] So the rule would apply to OCGA § 9-11-15, which provides for amended and supplemental pleadings, as well as in OCGA § 9-10-130 cases.

The reasoning which allowed amendment when competency of the expert is the problem,[15] and when sufficiency of the expert's statements regarding negligent acts is the problem,[16] applies as well to the deficiencies in the first "affidavit" filed by Skipper.

Analyzing her case in this manner serves the gatekeeper purpose of OCGA § 9-11-9.1, which as stated previously is "to reduce the number of frivolous malpractice suits being filed."[17] Allowing the amendment, by which the expert did swear under oath that there was deviation from the standard of care in specific ways, at the same time allows a person with an arguably meritorious complaint against a professional for malpractice to enter the door of the courthouse for an airing of her complaint on its merits.

---

or declared void; not absolutely void, or void in itself. That which operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared.") (punctuation omitted).

[10] *Britt v. Davis*, 130 Ga. 74 (60 SE 180) (1908).

[11] See id.; *Matthews v. Reid*, 94 Ga. 461 (19 SE 247) (1894) (clerk did not administer oath and signed jurat long after affiant signed); *Carnes v. Carnes*, 138 Ga. 1 (74 SE 785) (1912) (affidavit sworn to over phone and sent to notary who then signed jurat was not under oath and thus made invalid).

[12] For the requisites of a valid affidavit, see *McCain v. Bonner*, 122 Ga. 842, 846 (4) (51 SE 36) (1905); *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994).

[13] *Redwine Bros.*, supra, 14 Ga. App. at 298.

[14] *Porquez*, supra, 268 Ga. at 652 (1). "The court in *Porquez* . . . concluded that the Legislature intended for plaintiffs to have a broad right to amend defective affidavits under . . . § 9-11-9.1" even before the 1997 amendments. *Harris*, supra, 233 Ga. App. at 666.

[15] As in *Hewett*, supra, 264 Ga. at 183.

[16] *Porquez*, supra.

[17] (Citation and punctuation omitted.) *Gadd v. Wilson & Co. &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992); *Hewett*, supra, 264 Ga. at 184; *Porquez*, supra, 268 Ga. at 652.

Thus, defendant was not entitled to dismissal of the lawsuit, for "a complaint [as amended] may not be dismissed for an insufficient affidavit unless the affidavit discloses with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[18]

It is true that the defect in the affidavit here is of a different nature from those in *Porquez* and *Hewett*. Unlike the situations there, the document submitted to the court was false, in that it was not what it was presented as, to wit, an expert's opinion sworn before a notary public. We detailed the seriousness of the actions of plaintiff's counsel in our first opinion in this case.[19] As we stated: "Justice . . . requires truth, not subterfuge."[20] But, in conformity with the Supreme Court's rulings on OCGA § 9-11-9.1 and the law related to amendments to affidavits, sanctions if appropriate must be visited by the proper procedure on the lawyer and not on the innocent plaintiff.[21] As stated in connection with Canon 7 of Georgia's Code of Professional Responsibility, Ethical Consideration 7-26, "[t]he law and Disciplinary Rules prohibit the use of fraudulent, false, or perjured testimony or evidence. A lawyer who knowingly participates in introduction of such testimony or evidence is subject to discipline."

*Judgment affirmed. Ruffin, Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur. McMurray, P. J., concurs in the judgment only. Andrews, C. J., and Smith, J., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. The issue here differs in substance from those discussed in *Porquez v. Washington*, 268 Ga. 649 (492 SE2d 665) (1997), and *Hewett v. Kalish*, 264 Ga. 183 (442 SE2d 233) (1994). The affidavits in those cases were, indeed, "affidavits" subject to amendment. The initial affidavit filed by Skipper, however, was not merely insufficient in content or otherwise deficient or defective; it was wholly invalid, because the notary was not present when Capps signed it. As recently reiterated by this Court, "In order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath." (Citation and punctuation omitted.) *Harris v. Murray*, 233 Ga. App. 661, 664 (3) (504 SE2d 736) (1998). Furthermore, "[i]n the absence of a valid jurat, a writing in the form of

---

[18] (Citation and punctuation omitted.) *Hewett*, supra, 264 Ga. at 186 (2).

[19] *Phoebe Putney Mem. Hosp. v. Skipper*, supra, 226 Ga. App. at 586.

[20] Id.

[21] Compare discovery sanctions, which the Civil Practice Act expressly provides can impact the case itself. OCGA § 9-11-37. In those instances, righting a wrong after the opponent has moved the court for relief does not preclude the imposition of sanctions. See *Danger v. Strother*, 171 Ga. App. 607, 609 (2) (320 SE2d 613) (1984); *West v. Equifax Credit Information Svcs.*, 230 Ga. App. 41, 43 (1) (495 SE2d 300) (1997).

an affidavit *has no force, no validity, amounts to nothing*, when standing alone, or when construed in connection with other evidence." (Punctuation omitted; emphasis supplied.) *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994). The notary, or "officer," was not present when Capps signed the affidavit. Additionally, unlike *Harris*, supra, in which we concluded that an oath was administered, because of the understanding between the notary public and affiant that the affiant's actions "complete[d] the act of swearing," id. at 665, Capps did not sign the purported affidavit in a notary's presence, and no evidence was presented to the court showing that any oath was administered. The purported affidavit in this case was not an affidavit at all; Skipper in essence filed no affidavit to amend.

Liberal construction of the right to amend malpractice affidavits has been mandated by the Supreme Court because that approach "helps to insure that the complaint is not frivolous." *Porquez*, supra at 652 (1). But the Supreme Court has not held that such an approach dispenses with the pleading requirement imposed by former OCGA § 9-11-9.1. Nor should we so hold here. Skipper did not file an "affidavit" as required by former OCGA § 9-11-9.1 (a), and she did not supplement the complaint with a valid affidavit within 45 days of filing the complaint as permitted by subsection (b) of that statute. Phoebe Putney generally raised Skipper's failure to comply with OCGA § 9-11-9.1 in its answer and specifically raised the failure to file a valid affidavit by filing a motion to dismiss after learning that Capps did not sign the complaint in the presence of a notary. No allegation was made that Skipper had the affidavit available prior to filing the complaint or that the failure to file the affidavit was the result of a mistake. Skipper's complaint was therefore subject to dismissal under former OCGA § 9-11-9.1 (e) and could not be cured by amendment under OCGA § 9-11-15.

I am authorized to state that Chief Judge Andrews joins in this dissent.

DECIDED DECEMBER 2, 1998

*Langley & Lee, C. Richard Langley, Clyatt, Clyatt, Wallace & DeVaughn, Carl G. Fulp III*, for appellant.

*Farkas & Ledford, Leonard Farkas, Thomas G. Ledford, Diane L. Perry, David E. Perry*, for appellee.