A09A2161. PISCITELLI et al. v. HOSPITAL AUTHORITY OF VALDOSTA AND LOWNDES COUNTY.
(691 SE2d 615)

PHIPPS, Judge.

Francine Piscitelli, as administratrix of the estate of Renato Capozzo and as the guardian of Capozzo's minor children, appeals

___

the dismissal of her wrongful death action against the Hospital Authority of Valdosta and Lowndes County, Georgia d/b/a South Georgia Medical Center d/b/a Greenleaf Center. Because the Hospital Authority failed to show that dismissal was authorized, we reverse.

On June 20, 2006, Capozzo admitted himself into the Greenleaf Center, a treatment facility for drug and alcohol abuse. As part of his treatment there, Capozzo's attending physician prescribed methadone. Capozzo was thereafter administered methadone by individuals working at Greenleaf Center. On June 24, he was found dead in his hospital bed. Autopsy results showed that Capozzo died of a methadone overdose.

In August 2007, Piscitelli filed suit against the Hospital Authority,[1] charging that its Greenleaf Center facility had committed professional malpractice through its administrative and nursing staff. Given the applicability of OCGA § 9-11-9.1 to professional malpractice actions, Piscitelli attached to her complaint the affidavit and an accompanying curriculum vitae of Barbara Childs, R.N. In her affidavit, Childs opined about varied ways in which Greenleaf Center's nursing staff had breached the standard of care due Capozzo.

In October 2007, the Hospital Authority filed its answer denying liability. It also filed a motion to dismiss summarily asserting that Childs's affidavit was defective because it failed to comply with OCGA § 24-9-67.1 (c) (2) and (e). The motion was neither supported nor opposed by brief; it was not orally argued; it was not ruled upon. Rather, during a discovery period that was extended through mid-April 2009, the parties engaged in extensive discovery.

On March 3, 2009, the Hospital Authority filed an "amended motion to dismiss," asserting the same grounds, but this time alleging particular defects in the Childs affidavit. It is undisputed that within 30 days of service of the amended motion, Piscitelli responded, filing an opposing brief, as well as an amended complaint. To support her professional malpractice action against the Hospital Authority, Piscitelli attached to her amended complaint Childs's amended affidavit, which was accompanied by Childs's curriculum vitae. To further support her professional malpractice action against the Hospital Authority, Piscitelli attached to her amended complaint an affidavit of Martha E. Brown, M.D., which was accompanied by Brown's curriculum vitae. These medical professionals, Childs and Brown, opined about varied ways in which Greenleaf Center's nursing staff had breached the standard of care due Capozzo,

---

[1] Piscitelli also named as a defendant Capozzo's attending physician; claims against the physician are not at issue in this appeal.

including failure to follow Capozzo's attending doctor's orders (such as taking Capozzo's vital signs at specified intervals) and failure to continuously evaluate and monitor him.

In its amended motion to dismiss, the Hospital Authority pointed out that, after it filed its *original* motion to dismiss alleging that Childs's *original* affidavit was defective, Piscitelli made no attempt to cure any defect within 30 days of service of that original motion. The Hospital Authority cited OCGA § 9-11-9.1 (e):

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 *within 30 days of service of the motion alleging that the affidavit is defective*. The trial court may, in the exercise of its discretion, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.[2]

The trial court entered an order granting the Hospital Authority's "amended motion to dismiss." In its order, the court recounted "hearing argument of counsel, and considering the briefs filed by counsel and considering the applicable law." Revealing the basis of the dismissal, the court disclosed, "After reviewing all briefs and arguments of counsel in this case, the Court hereby determines that Barbara Childs, R.N., is not qualified to testify as an expert, under the provisions set forth in OCGA § 24-9-67.1 (c) (2)."[3]

On appeal, Piscitelli challenges the dismissal of her action against the Hospital Authority, contending that her response — comprised of her opposing brief, an amended complaint, Childs's amended affidavit and accompanying curriculum vitae, and Brown's affidavit and accompanying curriculum vitae — was timely and sufficient to overcome the Hospital Authority's attack. But the Hospital Authority maintains that, given that Piscitelli's response was filed approximately 18 months after service of its *original* motion, it was far too late for the trial court's consideration.

Piscitelli counters that the Hospital Authority's argument disregards plain language in OCGA § 9-11-9.1 (e) requiring a motion

---

[2] (Emphasis supplied.)

[3] Subsequently, the trial court entered final judgment pursuant to OCGA § 9-11-54 (b).

seeking dismissal to allege "with specificity" that the affidavit at issue was defective. She claims that the Hospital Authority's original motion fell short of doing so because the entirety of its text stated:

> Pursuant to OCGA § 9-11-9.1 (b), defendant Hospital Authority of Valdosta and Lowndes County, Georgia hereby moves to dismiss plaintiff's complaint prior to the close of discovery on the grounds that the affidavit of Barbara Childs, R.N., attached to plaintiff's complaint is defective because it fails to comply with the requirements of OCGA § 24-9-67.1 (c) (2) and OCGA § 24-9-67.1 (e). Because of this deficiency, plaintiff's complaint is subject to dismissal for failure to state a claim.

OCGA § 24-9-67.1 (e), cited by the Hospital Authority's motion, establishes only that, in order to be deemed qualified to testify as an expert by means of the affidavit required under Code Section 9-11-9.1, "[a]n affiant must meet the requirements of this Code section." The other Code provision cited by the motion, OCGA § 24-9-67.1 (c) (2), however, encompasses a myriad of particulars:

> (c) Notwithstanding the provisions of subsection (b) of this Code section and any other provision of law which might be construed to the contrary, in professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:
>
> . . .
>
> (2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:
>
> (A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or
>
> (B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teaching of such profession, with sufficient frequency to establish

YALE LAW LIBRARY

an appropriate level of knowledge, as determined by the judge, in teaching others how to perform the procedure, diagnose the condition, or render the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; and

(C) Except as provided in subparagraph (D) of this paragraph:

(i) Is a member of the same profession;

(ii) Is a medical doctor testifying as to the standard of care of a defendant who is a doctor of osteopathy; or

(iii) Is a doctor of osteopathy testifying as to the standard of care of a defendant who is a medical doctor; and

(D) Notwithstanding any other provision of this Code section, an expert who is a physician and, as a result of having, during at least three of the last five years immediately preceding the time the act or omission is alleged to have occurred, supervised, taught, or instructed nurses, nurse practitioners, certified registered nurse anesthetists, nurse midwives, physician assistants, physical therapists, occupational therapists, or medical support staff, has knowledge of the standard of care of that health care provider under the circumstances at issue shall be competent to testify as to the standard of that health care provider. However, a nurse, nurse practitioner, certified registered nurse anesthetist, nurse midwife, physician assistant, physical therapist, occupational therapist, or medical support staff shall not be competent to testify as to the standard of care of a physician.

Nevertheless, the Hospital Authority posits that, having merely cited the two Code provisions within its motion, it amply satisfied the "with specificity" requirement of OCGA § 9-11-9.1 (e).

Given the procedural posture of this case, however, we delve no further into the parties' dispute concerning the import of "with specificity" as used in OCGA § 9-11-9.1 (e). The Hospital Authority's attack, contesting the timeliness of Piscitelli's response as to its original motion, is of no moment. The record confirms that the trial court did not grant the Hospital Authority's original motion; it granted the amended motion. And by the time the court ruled on the Hospital Authority's amended motion, the record further confirms, Piscitelli's response had been filed for the court's consideration for nearly two months. Our review, therefore, concerns the trial court's

ruling upon the Hospital Authority's amended motion.[4] With respect to that motion, the parties dispute neither whether the Hospital Authority's motion contained the specificity contemplated by OCGA § 9-11-9.1 (e) nor whether Piscitelli's response was within 30 days of service of that motion.

Indeed, the Hospital Authority's amended motion set forth particulars about how the Hospital Authority perceived that Childs's affidavit was defective: Childs did not have professional knowledge or experience in the area of practice relevant to the case at hand; Childs had never professionally worked in a mental health facility such as the facility involved in this case; Childs had no experience with patients on methadone such as the patient at issue in this case; Childs had not been in active practice in the area of specialty of her profession for the requisite years; and Childs had not been involved in the teaching of her profession for the requisite years.

Thus, the trial court was called upon to determine whether dismissal was warranted under OCGA § 9-11-9.1 for failure to satisfy the requirements set forth by OCGA § 24-9-67.1 (c) (2) and (e). When making such a determination, courts must be mindful of the procedural posture of the litigation. That is,

> OCGA § 9-11-9.1 merely imposes an initial pleading requirement on the plaintiff. Pleading rules apply when addressing whether a plaintiff's action is subject to dismissal under OCGA § 9-11-12 (b) (6); for a complaint to be subject to dismissal for failure to state a claim, the affidavit must disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible, so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits. This rule is to be applied to questions of affiant's competence. And, because OCGA § 9-11-9.1 imposes nothing more than a pleading requirement, the affidavit can contain conclusory statements regarding the expert's competence. Finally, we re-

---

[4] See generally *Perdue v. O'Kelley*, 280 Ga. 732, 733 (632 SE2d 110) (2006) (reiterating that an appellate court is one for the correction of errors of law made by the trial courts, and an error of law has as its basis a specific ruling made by the trial court); *The Pep Boys &c. v. Yahyapour*, 279 Ga. App. 674 (2) (632 SE2d 385) (2006) (reiterating that it is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver).

YALE LAW LIBRARY

view de novo a trial court's ruling concerning the legal sufficiency of the expert affidavit.[5]

In Childs's amended affidavit, which was properly before the trial court, Childs averred that she was familiar with the standard of care of nurses generally and those working in psychiatric institutions such as Greenleaf Center; she had worked at the parent medical center of Greenleaf Center, where she had treated in the intensive care units patients with conditions similar to that suffered by Capozzo; and "[f]rom 2005 to present,"[6] she had worked as a nurse and case manager, supervising nursing care of approximately 110 patients, of whom half were mental health/addiction/substance abuse patients.

In addition to Childs's amended affidavit, the trial court had before it the affidavit of Brown. She averred that she was a psychiatrist and an addiction medicine specialist; she had been a full time faculty member of a medical college since 2003; she had worked in the field of substance abuse for over 25 years; she was then employed as a medical director of a substance abuse facility, with approximately 150-200 residential beds and which operated therein a methadone and suboxone clinic; since 2002, she had regularly supervised licensed practical nurses and registered nurses in the methadone clinic; and she was familiar with the standard of care of nurses generally and particularly for nurses in substance abuse treatment centers.

Notably, the Hospital Authority has never alleged that Brown's affidavit was defective. At oral argument before this court, the Hospital Authority's lawyer reported that he had acknowledged to the trial court that he could not argue that Brown's affidavit was insufficient.[7] And in its appellate brief, the Hospital Authority makes no assertion that Brown's affidavit is defective; instead, the Hospital Authority maintains it was entitled to a dismissal based only upon Childs's original affidavit. Pretermitting whether that affidavit or Childs's amended affidavit was defective under OCGA § 9-11-9.1,

---

[5] *Houston v. Phoebe Putney Mem. Hosp.*, 295 Ga. App. 674, 677-678 (673 SE2d 54) (2009) (citations, punctuation and footnotes omitted).

[6] Childs's amended affidavit was dated March 18, 2009.

[7] The parties also cited the trial court to Childs's deposition testimony; however, the trial court's order shows that the court reached its decision "[a]fter reviewing all briefs and arguments of counsel in this case." And at oral argument before this court, the Hospital Authority's counsel conceded that the deposition testimony was not pertinent for purposes of disposition of its amended motion. See *Houston*, supra at 676-678 (regarding rules applicable when addressing whether a plaintiff's action is subject to dismissal under OCGA § 9-11-9.1); *HCA Health Svcs. v. Hampshire*, 206 Ga. App. 108, 110 (2) (424 SE2d 293) (1992) (on motion to dismiss based upon the insufficiency of an affidavit submitted pursuant to OCGA § 9-11-9.1, consideration of essential evidentiary matters not included in affidavit is improper).

we conclude that, given Brown's admittedly wholly unchallenged affidavit, which was submitted in support of Piscitelli's professional malpractice action against the Hospital Authority, dismissal of that action based upon a competency determination concerning only Childs (as expressed in the trial court's order) was error.[8]

Finally, because the Hospital Authority never alleged that Brown's affidavit was defective under any of the myriad combinations under OCGA § 24-9-67.1 (c) (2) and (e) and thus neither sought nor received a ruling on the adequacy of Brown's affidavit, we do not reach whether dismissal might have nevertheless been proper.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED MARCH 9, 2010.

*J. Converse Bright*, for appellants.

*Young, Thagard, Hoffman, Smith & Lawrence, James B. Thagard, Hall, Booth, Smith & Slover, W. Brent Hyde*, for appellee.

---

[8] See *Porquez v. Washington*, 268 Ga. 649, 651-652 (1) (492 SE2d 665) (1997) (when the expert affidavit is initially filed with the complaint, a plaintiff is allowed to supplement the affidavit if its sufficiency is disputed); *Houston*, supra at 678; *Phoebe Putney Mem. Hosp. v. Skipper*, 235 Ga. App. 534, 535-536 (510 SE2d 101) (1998) (holding that the original purported affidavit could be amended or a new valid affidavit substituted for it, and that because such had been accomplished before the trial court ruled on the motion to dismiss, the suit was no longer subject to dismissal under OCGA § 9-11-9.1); see also OCGA § 9-11-9.1 (c) (if affidavits are filed within periods specified in this Code section, the filing of the affidavit of an expert after expiration of period of limitation shall be considered timely and shall provide no basis for statute of limitation defense).